UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jordan Penland, *et al.*, | |
| *Plaintiffs*, | |
| v. | No. 21 CV 5581 |
| Chicago Park District, *et al.*, | Judge Lindsay C. Jenkins |
| *Defendants.* | |

## Order

In their bill of costs, Defendants seek to recover certain fees and costs from Plaintiffs Jordan Penland, Karl Gerner, Edward (Ted) Burke, and Paul C. Burke after prevailing at summary judgment. [Dkt. 171]. For the reasons that follow, the Court grants Defendants' motion in part and awards $17,206.75 in taxable costs to be paid by Plaintiffs.

Under Federal Rule of Civil Procedure 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a presumption that the prevailing party will recover costs, though the decision to make the award is entrusted to the discretion of the district court. *Crosby v. City of Chicago*, 949 F.3d 358, 363–64 (7th Cir. 2020). "In assessing a bill of costs, the district court must determine whether the costs are allowable and, if so, whether they are both reasonable and necessary." *Soler v. Waite*, 989 F.2d 251, 254–55 (7th Cir. 1993). "Any party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trs. of Chi. Plastering Inst. Pension Tr. v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

The categories of costs recoverable under this rule are enumerated in 28 U.S.C. § 1920. Recoverable costs include (1) fees of the clerk and marshal, (2) fees for transcripts necessarily obtained for use in the case, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See* 28 U.S.C. § 1920; *Coleman v. Robert W. Depke Juv. Just. Ctr.*, 2018 WL 11426156, at *1 (N.D. Ill. 2018) (citing *Republic Tobacco Co. v. N. Atl. Trading Co.*, 481 F.3d 442, 447 (7th Cir. 2007)).

Defendants seek a total of $24,598.75 in costs primarily for deposition-related expenses, including transcripts and related fees for seventeen depositions of fifteen witnesses. [Dkt. 171.] Plaintiffs maintain that some of the amounts submitted should not be allowed.

1

First, they argue that the per page rate for some deposition transcripts exceeds the standard rate set by the Local Rule and the Judicial Conference. [Dkt. 174 at 3.] The Court agrees in part. Local Rule 54.1(b) provides the applicable rates for per-page original transcript fees and court reporter attendance fees. In relevant part, it states that if the Court concludes a transcript or deposition was necessarily obtained, "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed …" L.R. 54.1(b). The Seventh Circuit has recognized the Judicial Conference rate as the maximum taxable rate, absent "a showing that a departure is warranted." *Escamilla v. United States*, 62 F.4th 367, 376 (7th Cir. 2023).

In this case, the depositions occurred between August 2023 and May 2024. The relevant rates allowed by the Local Rule and the Judicial Conference increased during this period. For transcript costs incurred before October 1, 2023, the allowable rate was up to $3.65 per page for original transcripts. N.D. Ill. General Order 18-0011 (Apr. 19, 2018).[1] For transcript costs incurred on or after October 1, 2023, the ordinary rate increased to $4.00 per page. *See* N.D. Ill. General Order 23-0015 (May 19, 2023).[2]

Here, the per-page rates applied to some of the transcripts are allowable under the Rule. The applicable ordinary transcript rates applied to Kevin Walsh, Timothy King, Tim LeFevour, Martin McAndrew, Moria O'Connor, Juliet Azimi, Michael Boyle, Jeffrey Stonebreaker, and William Squires's depositions are billed at a per page rate that is at or below the maximum allowable ordinary rate of $3.65 before October 1, 2023, or $4.00 after that date. The per page rate for the depositions of Jordan Penland, Ed Burke, Karl Gerner, Paul Burke, Gil Fried and Otto Santa Anna, will be reduced. Because each of these depositions were taken after October 1, 2023, they will only be allowed at a rate not to exceed $4.00 per page.

Defendants resist this conclusion at least as to Penland and Gerner's depositions, arguing that Veritext Legal Solutions' normal delivery time is ten days, so the fourteen-day transcript maximum rate of $5.10 should apply. [Dkt. 175 at 3.] The Court does not agree. The $5.10 fourteen-day transcript rate took effect on October 1, 2024. N.D. Ill. General Order 23-0015 (May 19, 2023). As discussed above, Local Rule 54.1(b) says that the applicable rate is that which was "in effect at the time the transcript or deposition was filed,"—here, that would be November and December 2023 when the fourteen-day transcript rate was $4.70 per page. Still, the

---

[1] https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/General%20Order%2018-0011%20-%20Transcript%20and%20Transcript%20Copy%20Rates.pdf

[2] https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_clerksoffice/rules/admin/pdf-orders/General%20Order%2023-0015%20%20Increase%20Transcript%20Fee%20Rates_.pdf

Court concludes that the $4.00 per-page maximum rate for an ordinary transcript is most appropriate, so it will apply the ordinary rate.

Second, Plaintiffs dispute how many pages are taxable, arguing that the word indexes associated with the deposition transcripts were solely for the convenience of counsel and thus are not recoverable. [Dkt. 174 at 3 (citing *Porter v. City of Chicago*, 2014 WL 3805681, at *2 (N.D. Ill. Aug. 1, 2014).] District courts have discretion to award costs under section 1920(2) for deposition transcript indexes. *Escamilla*, 62 F.4th at 376. "In some circumstances, word indices can be essential to understanding the content of a deposition transcript." *Id*. Here, the Court concludes that the indexes were helpful, reasonable, and necessary to understanding the content of the deposition, particularly given the number of depositions that were taken. Accordingly, the Court will not exclude the pages containing word indexes.

Third, Plaintiffs argue that Defendants impermissibly seek to recover for condensed transcripts, which, in the case of three depositions, are duplicative of the full transcripts ordered for these witnesses. [Dkt. 174 at 3.] As Defendants note, though, the Court's standing order states a preference for filing transcripts in support of summary judgment in a condensed transcript format, when possible. More important than that, however, Defendants only seek condensed transcript fees for three condensed transcripts (Burke, P. Burke and Fried), for a total of $105, and these amounts are reasonable and necessary.

Up next are the costs associated with rough drafts of certain transcripts. Plaintiffs persuasively argue that rough transcripts were not necessary because the depositions were taken well in advance of summary judgment briefing and the parties had no emergency need for rough copies. Because Defendants' reply is silent on this point, it has not justified the fees for rough transcripts and these amounts will be reduced.

Plaintiffs argue that real-time transcription services were a convenience and not a necessity and should be disallowed given the content of the depositions and the limited number of exhibits used. [Dkt. 174 at 4.] They also argue that the costs for video depositions should be disallowed as unnecessary. [*Id*.] "A prevailing party can recover costs for both a video-recording and a transcript of the same deposition, provided that the party can show both are necessary and reasonable in the context of the case." *Trading Techs. Intern., Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010). Defendants point out that the costs associated with videography and real-time transcription services were requested by Plaintiffs, *see* dkt. 175 at 2 n.2, and courts in this district routinely find it reasonably necessary for a party to obtain both a stenographic transcript and a video recording of a deposition if it knows that its opponent obtained a video recording of that deposition. *Avanzalia Solar, S.L. v. Goldwind USA, Inc.*, 2023 WL 5804232, at *5 (N.D. Ill. Sept. 7, 2023). Thus, Defendants' justification is warranted as to videography fees. However, in light of the

3

other transcript fees discussed above, the Court declines in its discretion to also award real-time fees.

Plaintiffs dispute whether Defendants should be awarded "duplicative copies of exhibits—sometimes requesting black and white and color copies," when both were not needed. [Dkt. 174 at 4.] The Court agrees that fees associated with a second set of exhibits are not reasonable and necessary and disallows those amounts.

Plaintiffs seek to exclude the litigation service fees, which appear as litigation package or exhibit package fees on the invoices. Defendants have not explained why those services were necessary so these amounts will be deducted. *Decker v. Receivables Performance Mgmt., LLC*, 2020 WL 13610564, at *2 (N.D. Ill. Jan. 30, 2020) (declining to tax a rate for a "litigation package" where the prevailing party did not explain why those services were necessary).

Finally, Plaintiffs do not object to $197.40 in transcript fees for a February 2024 court hearing in this case, so that amount will be allowed.

\* \* \* \* \* \*

For these reasons, Defendants' bill of costs, dkt. 171, is allowed in the amount of $17,206.75 in taxable costs. This total is comprised of the following allowable amounts:

| |
|---|
| ***Kevin Walsh:*** Total: $524.30 ($340+$30+$102.30+$19+$33) |
| ***Timothy King:*** Total: $659.35 ($418.20+$36.90+152.25+$19+$33) |
| ***Tim LeFevour:*** Total: $2,416.40<br>As Rule 30(b)(1) witness: $893.45 ($649.40+$57.30+$134.75+$19+$33)<br>As Rule 30(b)(6) witness: $1,522.95 ($748+$66+$193.95+$19+$33+$463) |
| ***Jordan Penland:*** Total: $909 ($620+$46.50+170.50+$39+$33) |
| ***Ed Burke:*** Total: $1,166.60 ($768+$28.60+$55+$70+$210+$35) |
| ***Karl Gerner:*** Total: $784.85 ($636+$47.70+$29.15+$39+$33) |
| ***Martin McAndrew:*** Total: $861.65 ($584.80+$51.6-+$173.25+$19+$33) |
| ***Paul Burke:*** Total: $1,405.75 ($956+$9.75+$55+$70+$315) |
| ***Moira O'Connor:*** Total: $765.85 ($537.20+$47.40+$129.25+$19+$33) |

| |
|---|
| *Juliet Azimi:* Total: $1,286.60<br>As Rule 30(b)(1) witness: $309.80 ($251.60+$39.20+$19)<br>As Rule 30(b)(6) witness: $976.80 ($765+$192.80+$19) |
| *Michael Boyle:* Total: $1,547.20 ($754.80+$66.60+$85.80+$19+$33+$588) |
| *Jeffrey Stonebreaker:* Total: $907.25 ($418.20+$36.90+$62.15+$19+$33+$338) |
| *Gil Fried:* Total: $1,422.35 ($656+$58.05+$53.30+$37.50+175+$112.50+$35+$295) |
| *Otto Santa Anna:* Total: $1,345.10 ($496+$49.60+$39+$35+$338+$187.50+$200) |
| *William Squires:* Total: $1,204.50 ($887.50+$100+$182+$35) |

Plaintiffs request the Court stay enforcement of the bill of costs while the appeal is pending. Defendants have not stated an objection to this request, so enforcement of the bill of costs is stayed until 28 days after the return of the mandate.

Enter: 21-cv-5581
Date: March 21, 2025

_____
Lindsay C. Jenkins
United States District Judge

5